```
                    UNITED STATES DISTRICT COURT    FILED
                        DISTRICT OF CONNECTICUT
```

MELVIN MITCHELL,                :       2011 MAR 15 P 1:47
  petitioner,                  :
                                :              US DISTRICT COURT
  v.                           :       Case No. 3:10CV1056(AVC)
                                :                HARTFORD CT
WARDEN,                         :
  respondent.                  :

## RULING ON PETITION'S MOTIONS FOR RECONSIDERATION

On December 20, 2010, the court dismissed this case because the petitioner had not exhausted his state court remedies with regard to any ground for relief included in his federal habeas petition. The petitioner now seeks reconsideration of that decision. For the reasons that follow, the petitioner's motions are denied.

The second circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). A motion for reconsideration may be granted on one of only three grounds: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245,

1255 (2d Cir. 1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) (recognizing that "[t]o be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted). The petitioner cannot, however, seek reconsideration to "plug gaps in an original argument or to argue in the alternative once a decision has been made." Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal quotation marks and citations omitted).

The petitioner now states that he is scheduled to be released from custody in June 2011 and argues that the immediacy of his release renders state court remedies clearly deficient. In the motion to dismiss, the respondent explained the exhaustion requirement and noted the very limited exception which the petitioner now seeks to utilize. Certainly, the petitioner was aware of his release date when he responded to the motion to dismiss. Although he filed a memorandum in opposition, the petitioner did not raise this argument. The petitioner cannot now seek reconsideration to assert arguments he could have but failed to raise in opposition to the motion to dismiss.

In addition, the fact that the petitioner may be released

2

from custody before he completes the exhaustion process does not render the state court process ineffective. See, e.g., Braun v. Gallegos, 58 Fed. Appx. 781, 783 (10th Cir. 2002) (holding fact that relief no longer is available under 28 U.S.C. § 2255 to challenge a federal conviction does not render that relief inadequate or ineffective to permit challenge under another statute); Graziano v. Lape, 358 F. Supp. 2d 64, 67 (N.D.N.Y. 2005) (holding that fact that state court proceeding might be rendered moot by occurrence of another parole hearing did not make the state process ineffective).

The petitioner's motions [**Docs. ## 16, 17**] for reconsideration are **DENIED**. The court concludes that an appeal of this order would not be taken in good faith. Thus, a certificate of appealability will not issue.

**SO ORDERED** this ____ day of March 2011, at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ
Alfred V. Covello
United States District Judge